But per
Judge Williams, Judge dishe
assenting — the inconvenience before this act was, that if a man luid con - tracted a debt and procured another to become jointly bound with him as his surety, and’ then died, the debt survived against the surety only. So 'where there were *128 j0jnt contractors, each of whom were equally |)eneg{;e(] by the contract, if one died, the whole debt feli upon the other ; and the act expresses, that for the relief of the survivor it was made. This it proposes to do, by making them all equally contributablein the first instance. This produces equality and justice immediately, and prevents circuity and multiplicity of actions — for as the rule was at the common law, the survivor paid all in the-first instance, and then was put to another suit, to get contribution from the estates of the deceased : bnt now all this is effected by suing them both together. Besides when the debt is first contracted, it is joint, and now it does not become several upon one by the death of the other; but as a joint debt lies upon the representatives : immediately upon the death of the deceased, they instantly step into his placé, sustaining the same burthen that he did — then how does the debt become several? Not by any part of this law; and surely the Plaintiff cannot by suing severally upon a joint caiise of action, make it to become several by that means. Moreover, it waS the relief of the survivor, not the benefit of the obligee, that this act sought for — but it is not an equitable relief to put it in the power of the Plaintiff to exonerate him entirely, and throw the whole burthen upon the estate of the deceased, or vice versa. No just reason can be assigned why it should lie upon the estate of the deceased wholly, any more than upon the survivor, or the reverse. As to the difficulty suggested, that no judgment can be entered up in any regular form, the court is always bonnd to give their judgment according to law; and if there is no precedent to be found conformable to the new law, the court must form one that will be so. — Et per curiam, the action is well enough brought.
Note. — Vide Davis’s ex’rs. v. Wilkinson and others, post 334, see the act of 1797, Dev. ch 475, as to how the judgment in such case is to be entered. An action may be brought against drawer and endorsers of a protested bill of exchange jointly, or against either of them, act of 179S, Rev. ch. 464. Suits may be brought against the maker of a promissory note, single bill, bond, &c. and endorsers jointly, or against any one or more of them, act of 1817, Rev ch. 937. Such suits against obligors or endorsers, shall'be consolidated, act of 1820, Rev. ch. 1046.